UNITED STATES DISTRICT COURT          MIDDLE DISTRICT OF PENNSYLVANIA

**LAURIE L. VANDUNK,**

                        Plaintiff,

-against-

**FIDDLE LAKE FARM and**
**CRAIG BENSON,**

                        Defendants.

## COMPLAINT

### JURY TRIAL DEMANDED

**CIVIL CASE NO. _____**

### I. NATURE OF CLAIM

1. This is an action sounding in negligence to recover damages sustained by the plaintiff as a result of a fall which occurred on August 30, 2019, in the State of Pennsylvania. Plaintiff's claim is for physical and psychological injuries sustained by her as a result of this incident and caused by the negligence of the defendants. The plaintiff seeks compensatory damages against the defendants herein.

### II. JURISDICTION

2. Jurisdiction is conferred upon the Court pursuant to the provisions of 28 U.S.C. 1332(a)(1) based upon diversity of citizenship. The amount in controversy exceeds, exclusive of interest and costs, the sum of Fifty Thousand Dollars ($50,000).

1

### III. PARTIES

3. At all times mentioned herein, LAURIE L. VANDUNK (hereinafter referred to as "LAURIE") resided at 708 Chenango Street, in the City of Binghamton, County of Broome and State of New York.

4. Upon information and belief, defendant FIDDLE LAKE FARM was and is a domestic corporation authorized to do business in the Commonwealth of Pennsylvania and maintained a principle place of business at 4003 Fiddle Lake Road, Town of Thompson, County of Susquehanna, Commonwealth of Pennsylvania.

5. Upon information and belief, defendant CRAIG BENSON was and is the owner of FIDDLE LAKE FARM and resided at 4003 Fiddle Lake Road, Town of Thompson, County of Susquehanna, Commonwealth of Pennsylvania.

### IV. FACTS

6. On August 30, 2019, plaintiff was a guest at FIDDLE LAKE FARM for her son's wedding rehearsal.

7. On August 30, 2019, defendants provided transportation for the wedding guests to take them from the parking lot to the rehearsal site.

8. The transportation was via an old, wooden wagon, which was operated by CRAIG BENSON.

9. On August 30, 2019, after the rehearsal was over, LAURIE was directed back onto the wagon by defendant BENSON.

10. As she stepped onto the wagon, the floor of the wagon gave out underneath her causing her to fall through the wagon and crash onto her right arm.

11. Upon information and belief, at some time prior to August 30, 2019, BENSON inspected the wagon and observed its floor to be damaged, defective, unsafe and in unreasonably dangerous fashion and condition, and attempted to repair and replace some -- but not all -- of the floorboards.

12. Upon information and belief, at all times herein relevant and on August 30, 2019, and prior to, defendants had a duty to maintain, inspect, and/or repair the aforementioned floor of the wagon.

13. That the accident and LAURIE'S damages were caused solely by the negligence of the defendants without any negligence on the part of LAURIE.

14. That by reason of the foregoing, LAURIE has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: NEGLIGENCE

15. Plaintiff repeats, realleges, and incorporates by reference all of the allegations set forth in Paragraphs 1-14, of the Complaint as if fully set forth and repeated at length herein.

16. The aforementioned wagon was defective, damaged, inoperable, unrepaired and unreasonably dangerous in foreseeable uses.

17. Defendants negligence consisted, among other things, in the following:

    a. Affirmatively creating a hazardous condition;

    b. Permitting the continuation of a hazardous condition;

    c. Failing to warn of a hazardous condition;

    d. Failing to keep the wagon in proper repair;

    e. Failing to prevent the floorboards from rotting;

    f. Failing to replace rotten floorboards on the wagon;

    g. Failing to use a safe and suitable wagon for the wedding guests;

    h. Failing to provide safeguards to their guests, including plaintiff;

    i. Failing to provide a suitable and safe wagon to transport guests;

    j. Failing to perform a reasonable inspection of its wagon to discover dangerous and defective conditions then and there existing;

    k. Failing to repair said wagon;

    l. Failing to properly maintain said wagon;

    m. In failing to warn plaintiff of dangers then and there existing;

    n. Negligently allowing a defective wagon to transport guests;

    o. Failing to develop, make available, or provide safety measures to prevent and/or stop a fall; and

    p. In otherwise being negligent as shall become more particularly known through pre-trial discovery.

18. That the accident and LAURIE's damages were caused solely by the negligence of the defendants without any negligence on the part of the plaintiff.

19. By reason of the damaged wagon and without any negligence on the part of the plaintiff, LAURIE sustained painful and severe injuries, which include, but are not limited to, right shoulder dislocation and tears of the supraspinatus and labrum, requiring surgical intervention causing disfiguring scarring and, also, causing permanent limitations and disability in the right shoulder and limited use of the dominant right arm.

20. Because of her injuries, LAURIE was forced to pay for medical treatment, medications, hospitalizations and similar miscellaneous expenses in an effort to restore her to health.

21. Because of the nature of her injuries, LAURIE has been advised and, therefore, avers that she may be forced to incur similar expenses in the future.

22. As a result of her injuries, LAURIE has undergone and will undergo great physical and mental suffering, great inconvenience in carrying out her daily activities and loss of life's pleasures and enjoyment.

23. As a result of her injuries, LAURIE has sustained and will continue to sustain work loss, loss of opportunity and a permanent diminution of her earning power and capacity.

24. LAURIE continues to be plagued by persistent pain and limitation and has been told and believes her injuries are permanent and will cause residual problems for the remainder of her life.

25. As a result of defendants' negligence, LAURIE sustained surgical scars which have resulted in permanent disfigurement.

26. By reason of the foregoing, LAURIE has been damaged in a sum of money having a present value exceeding $75,000.

## V.   DEMAND FOR JURY TRIAL

27. Plaintiff herein makes a request for a jury trial of this action.

**WHEREFORE,** the plaintiff demands judgment against the defendants in an amount that would reasonably and fairly compensate him for his physical injuries, pain and suffering, loss of enjoyment of life.  Plaintiff demands judgment in excess of the statutory limits of this Court

which is Fifty Thousand ($50,000) Dollars, together with costs, disbursements and interest of this action.

                                                Respectfully submitted,

Dated: June 22, 2021

                                                _____
**MICHAEL D. BROWN, ESQ.**
**ZIFF LAW FIRM, LLP**
*Attorneys for Plaintiff*
Office and Post Office Address
303 William Street
Elmira, NY  14901
Telephone:  (607) 733-8866
Fax:  (607) 732-6062